UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MICHAEL NEUHART,<br><br>        Petitioner,<br><br>v.<br><br>P. EATON, Warden,<br><br>        Respondents. | Case No.:  3:21-cv-0419-GPC-WVG<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner and proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, but has not paid the $5.00 filing fee and has not moved to proceed in forma pauperis.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

A Petition for Writ of Habeas Corpus must either be accompanied by a $5.00 filing fee or an application to proceed in forma pauperis. *See* Local Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this action he must submit a copy of this Order with the requisite $5.00 fee or adequate proof he cannot pay the fee.

**BASIS FOR PETITION AND VENUE**

Further, the Court notes that, while Petitioner filed this action pursuant to 28 U.S.C. § 2241, it appears he is a state prisoner attacking the validity of a state court conviction and sentence imposed by the state of California. State prisoners challenging

their convictions on federal habeas typically may not proceed under section 2241, but rather, must proceed with a habeas action in federal court under 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.] *Id*. at 1006 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). The Court declines to construe the Petition as one filed under section 2254 because it appears the Court lacks jurisdiction, regardless of whether the Petition was filed under section 2254 or section 2241.[1] Thus, to the extent Petitioner seeks to challenge his California state court conviction, it appears the appropriate cause of action is one filed under 28 U.S.C. § 2254 in either the Central or Eastern District.

## CONCLUSION

Based on the foregoing, the Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement. If Petitioner wishes to pursue this action under 28 U.S.C. § 2241 despite being subject to possible dismissal, he must either pay the $5.00 filing fee or provide adequate proof of his inability to pay **no later than June 1, 2021**. To

---

[1] The Court notes, however, that a petition for writ of habeas corpus filed under section 2254 must be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at Sierra Conservation Center, located in Tuolumne County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Further, Petitioner appears to be challenging a conviction from Orange County Superior Court, which is also located within the jurisdictional boundaries of the United States District Court for the Central District of California, Southern Division. *See* 28 U.S.C. § 84(c)(3). Accordingly, habeas corpus jurisdiction appears to lie in the Eastern or Central Districts and not the Southern District.

1  the extent Petitioner seeks to challenge his state court conviction from Orange County
2  Superior Court, he may do so by filing a Petition under 28 U.S.C. § 2254 in the
3  appropriate district, as discussed above. *For Petitioner's convenience the Clerk of Court*
4  *shall attach to this Order a blank §2254 petition form and a blank in forma pauperis*
5  *application form.*
6  Dated: April 1, 2021

Hon. Gonzalo P. Curiel
United States District Judge